UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 23 P 3: 44

**Clayton Howard Tisdale**, # 278610,           ) C/A No. 9:06-0138-GRA-GCK
                                                )
       Plaintiff,                  )
                                                )
vs.                                             )
                                                ) **Report and Recommendation**
**Administrator of Loris Community Hospital**;  )
**South Carolina Highway Patrol**; and          )
**R. D. Trevathan**, Officer,                   )
                                                )
       Defendants.                 )

# *Background of this Case*

The plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). He has submitted the above-captioned civil rights action[1] under 42 U.S.C. § 1983 against the Administrator of the Loris Community Hospital (in Horry County), the South Carolina Highway Patrol, and an officer for the South Carolina Highway Patrol.

---

[1] In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

Information on the South Carolina inmate database available on the LEXIS® service reveals that the plaintiff was convicted, in the Court of General Sessions for Horry County, of felony DUI (driving under the influence) resulting in death, and was sentenced to fifteen (15) years in prison:

```
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***
         SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
                    SOUTH CAROLINA INMATES


    Name: TISDALE, CLAYTON HOWARD

                        * * *

              ***** SENTENCE INFORMATION *****

    Inmate Number: 00278610
    County of Conviction: HORRY
    Location: EVANS CORR INST
    Offense: FELONY DUI-DEATH RESULTS
    Sentence Length: 15 YEARS
    Sentence Total: 15 YEARS
    Sentence Begin Date: 9/28/2001
    Parole Date: 6/19/2013
    Sex Offender Registration Required: NO
    Inmate Status: INCARCERATED
```

(South Carolina Inmate Database on LEXIS® service, downloaded on January 17, 2006).[2] Inmate information available on the South Carolina

---

[2] In accordance with the Judicial Conference's new privacy policy, this quotation omits personal identifiers.

2

Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff's sentence "start" date is September of 2000.[3]

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's conviction for felony DUI resulting in death. The plaintiff alleges: (1) the South Carolina Highway Patrol report "states the wrong times" with respect to the incident of September 27, 2000; (2) the officer failed to question the plaintiff and did not give him the "SOA Sobriety" test or a "Breath-a-Lizer test on scene[;]" (3) the plaintiff was transported to the Loris Community Hospital, where he was placed in the emergency room but was not examined; (4) the plaintiff was "signed off and released and sent home, for an elapsed time of approximately 3 hours[;]" (5) "[t]hen Trooper Trevathan came to [the plaintiff's] house and arrested" him; (6) the plaintiff was taken to the Conway Detention Center and booked without a "Breath-A-Lizer" test; (7) the plaintiff was then taken to the Conway Hospital for a blood alcohol screen test "that was never taken" and then charged with felony DUI; (8) although the affidavit is signed and dated properly, the affidavit is invalid and perjured because the plaintiff was never proven to be under the influence of anything; (9) there are irregularities on the blood alcohol/toxicology report; (10) SLED has not responded to the plaintiff's

---

[3]The plaintiff obviously received a year of "jail time" credit on his sentence.

letters about the irregularities; (11) the report does not state how it was obtained or what the test was; (12) the pathologist report on the victim refers to an autopsy; (13) in fact, no autopsy was done; and (14) the indictment is not signed by the foreman of the "Petit Jury" and conflicts with Dr. Bellamy's report.

The plaintiff's prayer for relief appears on page 5 of the complaint. The plaintiff seeks: (1) a court order overturning the charges and directing that the plaintiff's records be expunged; (2) $125,000 for illegal and wrongful prosecution; (3) $125,000 for separation from family; (4) $250,000 for mental stress; (5) $250,000 for defamation of character and slander; (6) $250,000 for the endangerment of the plaintiff's life; (7) $250,000 for loss of freedom and property; (8) $400,000 for breach of trust and violation of the plaintiff's constitutional rights; (9) $350,000 for prosecutorial misconduct; (10) replacement of the plaintiff's automobile; (11) a handwritten apology by the Solicitor and Officer Trevathan; (12) the publishing of the apology on the front pages of the newspapers in Loris, Myrtle Beach, and Georgetown; and (13) the firing of Officer Trevathan and a prohibition on his working in law enforcement in any capacity in South Carolina.



# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[4] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke

---

[4]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).



Since the plaintiff is challenging his conviction and sentence for Felony DUI, this case is subject to summary dismissal because a right of action has not yet accrued. See Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

> declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not

7

begin to run until the cause of action accrues.  See <u>Benson v. New Jersey State Parole Board</u>, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following <u>Heck v. Humphrey</u>: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and <u>Snyder v. City of Alexandria</u>, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).



With respect to his conviction and sentence, the plaintiff's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the plaintiff has exhausted his state court remedies.  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted." <u>Beard v. Green</u>, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977)).  See also 28 U.S.C. § 2254(b); <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 490-491 (1973); <u>Picard v. Connor</u>, 404 U.S. 270 (1971); and <u>Schandelmeier v. Cunningham</u>, 819 F.2d 52, 53 (3d Cir. 1986)(exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in <u>Matthews v. Evatt</u>, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* <u>Matthews v. Moore</u>, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

<u>Matthews v. Evatt</u>, 105 F.3d at 910-911 (citations omitted from quotation).



There is no indication in the complaint whether a direct appeal was filed in the plaintiff's criminal case. It is well settled that a direct appeal is a viable state court remedy. <u>Castille v. Peoples</u>, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989). Although the time for the plaintiff to file a direct appeal in his criminal case has obviously expired, he can, nonetheless, file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal

in that post-conviction case. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 et seq., South Carolina Code of Laws, is also a viable state-court remedy. See Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), cert. denied, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), cert. denied, 434 U.S. 929 (1977).

For the plaintiff's information, the plaintiff can obtain post-conviction forms from the Clerk of Court for Horry County (whose address is Post Office Box 677, Conway, South Carolina 29528). The plaintiff should be mindful that the General Assembly has enacted limitations periods for post-conviction cases. See 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or

the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.

(C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

See also Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); and Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996). Cf. Leamon v. State, 363 S.C. 432, 611 S.E.2d 494, 2005 S.C. LEXIS® 97(2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45); and Green v. State, 353 S.C. 29, 30, 576 S.E.2d 182, 183, 2003 S.C. LEXIS® 19 (2003)(the filing of a federal § 2254 petition does not toll the one-year limitations period of § 17-27-45, South Carolina Code of Laws).

As earlier stated, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she

11

can file an appeal in that post-conviction case. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, supra. In fact, if a Court of Common Pleas denies the South Carolina prisoner's application for post-conviction relief or dismisses the application for post-conviction relief, a prisoner *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).[5] Moreover, some South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g.,* Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004). Hence, the plaintiff's available remedies are: (1) an application for post-conviction relief; (2) an appeal (if necessary) in the post-conviction case, and (3)

---

[5]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. See Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005) Shearhouse Advanced Sheet # 19.

12

a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed in federal court after the plaintiff has exhausted his state remedies.

The plaintiff cannot have his conviction for felony DUI vacated in this civil rights action. Under Heck v. Humphrey, supra, "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." Myers v. Pauling, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995). *See also* Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

On page 2 of the complaint, the plaintiff's notation indicates that the above-captioned case is also a medical malpractice action. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97 (1976). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See* Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County

Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). See also Brooks v. Celeste, 39 F.3d 125, 1994 U.S.App. LEXIS® 31180 (6th Cir. 1994)(Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise.").[6]

This federal court cannot "fire" Officer Trevathan. See Maxton v. Johnson, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), citing United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.), cert. denied sub nomine, Clippinger v. United States, 364 U.S. 818 (1960).

---

[6] On page 1 of the complaint and in a sheet of paper appended to the complaint filed by the plaintiff in Clayton Howard Tisdale v. Conway Hospital; and Loris Community Hospital,, Civil Action No. 9:05-1912-GRA-GCK, the plaintiff disclosed that he had filed separate suits against the Loris Community Hospital and the Conway Hospital in the Court of Common Pleas for Horry County: Clayton Howard Tisdale v. Conway Hospital, Case No. 05-CP-26-11, and Clayton Howard Tisdale v. Loris Community Hospital, Case No. 05-CP-26-66. Those cases were dismissed by the Honorable B. Hicks Harwell, South Carolina Circuit Judge, on June 3, 2005.

The plaintiff is not entitled to damages for mental stress. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, City of Borger v. Grandstaff, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903, 1989 U.S.App. LEXIS® 15698 (1st Cir. 1989). *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional. See Zehner v. Trigg, 952 F. Supp. 1318, 1997 U.S.Dist. LEXIS® 369 (S.D.Ind. 1997), *affirmed*, 133 F.3d 459, 463, 1997 U.S.App. LEXIS® 36776 (7th Cir. 1997)("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [Metro-North Commuter R.R. v. Buckley, 521 U.S. 424, 1997 U.S. LEXIS® 3867 (1997)(Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group



severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

The plaintiff is not entitled to damages for defamation or slander.[7] An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Secondly, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel. See Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-359 (1827); and Padgett v. Sun News, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982). See also case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, e.g., Medico v. Time, Inc., 643 F.2d 134, 137-140 (3rd Cir.), cert. denied, 454 U.S. 836 (1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an

---

[7]Although the pro se plaintiff uses the term "slander" in the complaint, the plaintiff's claims are more akin to libel. "Slander" usually refers to acts of defamation that are made "by oral expressions or transitory gestures[,]" while "libel" refers to acts of defamation that are expressed "by print, writing, pictures, or signs." See Black's Law Dictionary (5th edition, 1979), at pages 824 and 1244.

organized crime group; Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)(prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and Lee v. Dong-A Ilbo, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988), cert. denied, Dong-A Ilbo v. Lee, 489 U.S. 1067, 1989 U.S. LEXIS® 1288 (1989). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago County Department of Social Services, supra, 489 at 200-203.

This federal court cannot compel newspapers to print apologies to the plaintiff. Miami Herald Publishing Co., Division of Knight Newspapers, Inc. v. Tornillo, 418 U.S. 241 (1974)(newspaper may refuse to publish a political reply advertisement, even when state law gives right to reply). See also Pacific Gas & Electric Co. v. Public Utilities Commission of California, 475 U.S. 1 (1986), where the Supreme Court reaffirmed its opinion in Tornillo.

The South Carolina Highway Patrol is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S.

LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).



## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS®

17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since the South Carolina Highway Patrol is immune from suit and the plaintiff seeks damages from it, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

Charleston, South Carolina
January 23, 2006

George C. Kosko
United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
# The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**